IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Dupree Evans, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>Warden, Lieber Correctional Institution, )<br>)<br>Respondent. )<br>_____ ) | C/A No.: 4:17-CV-2085-TLW |

# ORDER

Petitioner Dupree Evans, proceeding *pro se* and *in forma pauperis*, filed this action on August 4, 2017, seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. ECF No. 1. On November 7, 2017, Respondent filed a Motion for Summary Judgment and a Return and Memorandum. ECF Nos. 20, 21. Subsequently, Petitioner filed a response in opposition to the summary judgment motion, ECF No. 40, to which Respondent replied, ECF No. 41.

This matter now comes before this Court for review of the Report and Recommendation (the Report) filed on May 24, 2018, by United States Magistrate Judge Thomas E. Roger, III, to whom this case was previously assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, (D.S.C.). ECF No. 42. In the Report, the Magistrate Judge recommends granting Respondent's Motion for Summary Judgment and dismissing the petition. *Id*. On May 3, 2018, Petitioner filed objections stating that the petition was filed timely and he is entitled to equitable tolling. ECF No. 48. Respondent filed a reply to Petitioner's objections on July 5, 2018. This matter is now ripe for disposition.

In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the case law and filings. The Report sets forth the relevant dates related to the one-year statute of limitations of the Petitioner's filing. ECF No. 42 at 19–22.[1] In his objections, Petitioner argues that this action is not untimely because there are pending motions in his PCR action. ECF No. 48 at 5. However, Respondent has submitted evidence that the petition for Post-Conviction Relief was dismissed. The record reflects that Petitioner received notice that pending motions in the PCR action were denied, the case was dismissed, and his motion for reconsideration was denied. In addition, Petitioner appealed, suggesting that he is aware that the denial of his PCR action was final. For these reasons, Petitioner's objections do not cure the untimeliness of the current petition. Based on the careful factual and legal analysis in the Report, this Court concludes that the Magistrate Judge was correct in determining that the habeas petition was filed after the time limitation had run.

---

[1] These dates will not be repeated here, as they are clearly laid out in the Report.

In the Report, the Magistrate Judge also addresses equitable tolling, concluding that the record reflects the Petitioner has not stated a reason that equitable tolling applies in this case. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Petitioner argues in his objections that he is entitled to equitable tolling because he is innocent. ECF No. 48 at 7–9. The Court has carefully reviewed the Report and relevant filings in connection with this matter and concludes that Petitioner has not stated a basis for equitable tolling or a basis for not accepting the detailed factual and legal analysis by the Magistrate Judge.

Therefore, after careful consideration, the Court **ACCEPTS** the Report, ECF No. 42, and overrules Petitioner's objections, ECF No. 48. Respondent's motion for summary judgment, ECF No. 20, is hereby **GRANTED**, and the petition, ECF No. 1, is **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 254 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/Terry L. Wooten*
Chief United States District Judge

July 20, 2018
Columbia, South Carolina